(Reap. Dec. 11054)

CAP SALES CORPORATION v. UNITED STATES

Entry Nos. WH 119; WH 27.

(Decided August 9, 1965)

*Barnes, Richardson & Colburn* for the plaintiff.
*John W. Douglas,* Assistant Attorney General, for the defendant.

DONLON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto, subject to the approval of the court:

That the above-entitled appeals for reappraisement are limited to canned meat products exported from Argentina during the period January 1, 1959 to and including December 31, 1959 and are abandoned as to all other merchandise.

That the involved merchandise was entered or withdrawn from warehouse, for consumption after the effective date (February 27, 1958) of the Customs Simplification Act of 1956 (Public Law 927, 84th Congress, T.D. 54165); that the merchandise is not identified on the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act (T.D. 54521); that appraisement was accordingly made under section 402, Tariff Act of 1930 as amended by the Customs Simplification Act.

That the merchandise and the issues are similar in all material respects to those involved in *International Packers, Ltd.* vs. *United States*, Reap. Dec. 10724; that the record in the said cited case may be incorporated herein.

That on or about the dates of exportation, such or similar merchandise was not freely sold or offered for sale in Argentina for exportation to the United States; that on or about said dates of exportation and for a period of at least 90 days thereafter, such or similar imported merchandise was not freely sold or offered for sale for domestic consumption in the United States.

That the periods of exportation and the appraised and claimed constructed values per dozen tins net packed, of the merchandise within the respective exportation periods, are as indicated below; that the difference in each instance between appraised and claimed values is the allowance for the so-called Argentine retention tax on the exported merchandise which the appraiser included as a component of constructed value.

| Commodity | Export period | Appraised value | Claimed value |
|---|---|---|---|
| 5 lb. tins corned beef | 6/11/59–9/28/59 | $20.7794 | $19.1380 |
| 3 lb. tins corned beef | 6/11/59–9/28/59 | $12.4462 | $11.3865 |

That the said Argentine export charge involved in the present appeals was imposed or exacted pursuant to the same Argentine decrees, or other Argentine legal authorities, that were construed by the court in the incorporated case.

That these appeals for reappraisement may be submitted for decision on the incorporated record and this stipulation.

Accepting this stipulation as an agreed statement of facts and on authority of the decision cited therein, I find and hold that constructed value, as defined in section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (T.D. 54165), effective on the dates the merchandise was entered, or withdrawn from warehouse for consumption, is the proper basis for determination of the value of the 5-pound tins corned beef and 3-pound tins corned beef, exported from Argentina during the period June 11, 1959, through September 28, 1959, described on the invoices of the entries covered by these appeals for reappraisement, and that such value per dozen tins, net packed, is $19.1380 for the corned beef packed in 5-pound tins and $11.3865 for the corned beef packed in 3-pound tins.

As to all other merchandise, these appeals for reappraisement are dismissed.

Judgment will be entered accordingly.